IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| OPTIMUM CONTENT PROTECTION, LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:13-cv-741 KNM |
| v. | § § | |
| MICROSOFT CORPORATION, | § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Microsoft Corporation's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(7), or Alternatively to Dismiss or Transfer Pursuant to FED. R. CIV. P. 12(b)(3), 28 U.S.C. § 1406, and 28 U.S.C. § 1404(a) (Doc. No. 9). For the following reasons, it is recommended that Microsoft's Motion to Dismiss be **DENIED WITHOUT PREJUDICE** and Microsoft's Motion to Transfer be **DENIED**.

## BACKGROUND

In September of 2010, Microsoft entered into a license agreement with Acacia Research Corporation (ARC). The agreement provided Microsoft with licenses to certain patents held by ARC and its affiliates through September 30, 2013. The License Agreement contained an "Updating of ARC Patents" clause, which states:

> At least thirty (30) days prior to each anniversary of the Option Exercise Date, ARC shall send Microsoft a list of any additional patents beyond those identified in Schedule A that meet the definition of Acacia Patents and a list of any Acacia Patents that any Acacia Entity has sold or other transferred any enforcement rights thereunder.

1

License Agreement, ¶ A6.7. Additionally, the License Agreement stated that it "may be pleaded as a full and complete defense to, and may be used as a basis of an injunction against, any action at law, proceeding in equity, or any other judicial, quasi-judicial or administrative charge or proceeding relating to the Acacia Patents against Microsoft or an Authorized Third Party." Agreement, ¶ A2.8. Lastly, the License Agreement contained a "Choice of Law and Venue" clause that specified the contract was to be governed and construed according to New York law. License Agreement, ¶ 4.10. It provided:

> With respect to all civil actions or other legal or equitable proceedings directly arising between the parties or any of their Affiliates under this Option Agreement, the Parties consent to exclusive jurisdiction and venue in the United States District Court for the Southern District of New York (the "Forum") unless no federal jurisdiction exists…

License Agreement, ¶ 4.10.

Under the Agreement, Microsoft's license would terminate on September 30, 2013, unless it elected to extend the license period. *See* License Agreement, ¶¶ A1.8, 14.1. Microsoft chose not to renew the License Agreement, and it expired under its own terms on September 30, 2013. On October 1, 2013, the day after the expiration of the License Agreement, seven ARC subsidiaries filed separate lawsuits alleging patent infringement by Microsoft, including the instant suit. Optimum Content Protection (OCP) alleges that Microsoft infringes U.S. Patent No. 7,502,470. OCP is the exclusive licensee of the '470 patent.

On November 20, 2013, Microsoft filed suit against ARC in the United States District Court for the Southern District of New York, alleging breach of contract as well as abuse of process. In the New York action, Microsoft seeks injunctive relief to prevent ARC, or any of its affiliates, from asserting patents acquired during the license period that were not identified to Microsoft as being infringed. This request was based on ARC's alleged breach of the 'update and

notice' provision in the contract. ARC moved to dismiss Microsoft's complaint under Federal Rule of Civil Procedure 12(b)(6). On April 25, 2014, ARC's motion to dismiss was denied in all respects.

On November 20, 2013, Microsoft also filed a Motion (Doc. No. 9) in this suit, seeking dismissal under Rule 12(b)(7), or transfer under § 1404(a). Microsoft alleges that ARC is an indispensable party because it breached the License Agreement by seeking, through its subsidiaries, damages for past infringement occurring during the license period.

## APPLICABLE LAW

"Whether a party is indispensable under Rule 19(b) is a matter of regional circuit law." *Dainippon Screen Mfg. Co. Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1269 (Fed. Cir. 1998). Rule 19 establishes a two-step inquiry for determining whether to dismiss a case for failure to join an indispensable party. *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). First, the district court must determine whether a party's presence is "required" or "necessary" under Rule 19(a):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i)    As a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii)    Leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates

3

that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood*, 570 F.3d at 628 (internal quotations omitted). If the necessary party cannot be joined without destroying subject-matter jurisdiction, or joinder is infeasible for other reasons, the court must then determine whether that person is indispensable, that is, whether litigation can be properly pursued without the absent party. *Id.* at 629. The factors that the district court is to consider in making this determination are listed in Rule 19(b):

> (1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) The extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
>
> (3) Whether a judgment rendered in the person's absence would be adequate; and
>
> (4) Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b); *id.*

## DISCUSSION

### 1. Necessary Party

Microsoft believes that ARC is a necessary party to the current lawsuit. Doc. No. 9 at 6. According to Microsoft, ARC breached the License Agreement by directing seven of its subsidiaries to file lawsuits for alleged infringement during the term of the License Agreement. *Id.* Microsoft contends that this breach entitles it to certain defenses and counterclaims that were provided in the License Agreement. *Id.* Microsoft argues that ARC is a necessary party because these defenses turn on proper interpretation of the contract, and ARC is the only other contracting party. *Id.* at 7. Microsoft fears that proceeding without ARC could lead to inconsistent results because the contract could be interpreted differently from case to case. *Id.*

Case 6:13-cv-00741-KNM Document 70 Filed 08/25/14 Page 5 of 11 PageID #: 1016

OCP responds that ARC is not a necessary party to the lawsuit. Doc. No. 19 at 3–4. OCP contends that the expired License Agreement is irrelevant to the current lawsuit because OCP is only seeking damages for infringing activities that occurred after the expiration of the License Agreement. *Id.* at 6. According to OCP, "complete relief" under Rule 19 can be obtained because OCP will either prevail on its infringement claims, or Microsoft will prevail on its defenses. *Id.* at 4. Additionally, OCP argues that ARC is not necessary to any of Microsoft's defenses and there is no risk of inconsistent obligations. *Id.*

OCP's original complaint contains some ambiguity about whether it is seeking damages for alleged infringement occurring during the period of the License Agreement. The Complaint alleges that Microsoft "has purposefully transacted substantial business in this judicial district, and has committed acts of direct infringement in this judicial district." Comp. ¶ 7. This "has committed" language, along with OCP's Prayer for Relief, could be read as seeking damages prior to the expiration of the License Agreement. Compl. at 3 (seeking damages for "*past* infringement and any continuing or future infringement") (emphasis added). However, OCP's response contains a clear stipulation that it is only seeking damages from October 1, 2013 forward. Doc. No. 19 at 1. Despite this stipulation, the License Agreement is still relevant to the current case. *See* Memorandum Opinion and Order, *Innovative Display Technologies, LLC v. Microsoft Corp.*, No. 2:13-cv-783-JRG, at 5–6 (E.D. Tex. June 17, 2014) (Doc. No. 54).

Microsoft's suit in the Southern District of New York alleges that ARC was contractually obligated to provide Microsoft with an annual written update of all ARC-owned patents that Arc believed Microsoft was infringing. Doc. No. 9-19, Microsoft Compl. ¶ 13. Microsoft seeks to use this alleged breach as an equitable defense to prevent the enforcement of any of these patents. *Id.* at 14. ARC disagrees that this was an obligation under the contract, and filed a 12(b)(6) motion

to dismiss that was summarily denied. *See* Doc. No. 28 (Acacia's Motion to Dismiss) at 18–19, *Microsoft v. Acacia*, No. 1:13-cv-8275 (S.D.N.Y. January 21, 2014). Thus, the Southern District of New York found that Microsoft stated at least a plausible claim for breach of contract and injunctive relief against ARC. Memorandum Opinion, *Innovative Display Technologies*, at 6.

Microsoft's intent to raise the License Agreement as the crux of its counterclaims and defenses makes interpretation of the contract necessary in this case. *Id.* at 8–9. Under Rule 19(a), an absent person must be joined if "that person claims an interest relating to the subject of the action," and "disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest." FED. R. CIV. P. 19(a)(1)(B)(i). Generally, when interpretation of a contract is necessary, the parties to the contract must be joined. *Harris Trust and Sav. Bank v. Energy Assets Intern. Corp.*, 124 F.R.D. 115, 117 (E.D. La. 1989); *see also Dawavendewa v. Salt River Project Agr. Imp. And Power Dist.*, 276 F.3d 1150, 1156–57 (9th Cir. 2002) (contracting party necessary to litigation which "threatened the [party's] contractual interests, and thus, its fundamental economic relationship with [another contracting party].").

Microsoft and ARC are the only contracting parties to the License Agreement. Determining the requirement of the notice provision relied on by Microsoft would require the Court to interpret the License Agreement. An interpretation unfavorable to ARC would create a non-binding precedent that could hinder ARC and its subsidiaries' ability to prosecute the similar related cases against Microsoft. Memorandum Opinion, *Innovative Display Technologies*, at 8. ARC should have the opportunity to present rebuttal evidence and be heard on this issue. *Id.* Otherwise, an unfavorable decision "may as a practical matter impair or impede" ARC's rights as a patent owner. *See* FED. R. CIV. P. 19(a)(1)(B)(i).

While OCP is a wholly owned subsidiary of ARC, it cannot adequately represent ARC's interest in this case since it only owns the one asserted patent. *See* Memorandum Opinion, *Innovative Display Technologies*, at 8–9 (finding that the similar wholly-owned-subsidiary plaintiff could not adequately represent ARC's interest). Since ARC's rights may be impaired by findings in this case, ARC is a necessary party to the lawsuit.

2. **Feasibility of Joinder**

The second step of the Rule 19 analysis is whether the necessary party can be joined. *See Hood*, 470 F.3d at 629. Microsoft believes joinder is infeasible because it is contractually obligated to bring any claims arising out of the License Agreement in the Southern District of New York. Doc. No. 9 at 7.

While Microsoft is contractually obligated to bring its breach claims in the Southern District of New York, joinder is not clearly infeasible. The forum selection clause does not deprive the Court of subject matter jurisdiction. *Hood*, 570 F.3d at 628–629. ARC could elect to waive the forum selection clause and join the current case. *See* Memorandum Opinion, *Innovative Display Technologies*, at 10; *see also PC Specialists*, 2011 WL 3475369, at *3. Thus, the feasibility of joinder depends on whether ARC, once impleaded by Microsoft, will voluntarily waive the forum selection clause. If ARC elects not to waive the forum selection clause, the Court will likely have to dismiss Microsoft's counterclaims and consult Rule 19(b) to determine whether or not to proceed in ARC's absence. Memorandum Opinion, *Innovative Display Technologies*, at 10.

Since the Court cannot determine at this time whether ARC will waive the forum selection clause, it is recommended that Microsoft's Motion to Dismiss under Rule 12(b)(7)

(Doc. No. 9) be **DENIED WITHOUT PREJUDICE**. Microsoft may re-urge the issue if it becomes clear that joinder is infeasible.

3.  Transfer

In the alternative to its Motion to Dismiss, Microsoft argues that transfer to the Southern District of New York is appropriate under Sections 1404(a).[1] The parties do not dispute that this case could have been originally filed in the Southern District of New York. The crux of Microsoft's argument for transfer is based on the forum selection clause contained in the License Agreement. Microsoft contends that OCP cannot meet the high burden required for a case with a valid forum selection clause. Doc. No. 9 at 10.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 134 S. Ct. 568, 581 (2013).

The Agreement's forum selection clause is not applicable to OCP's claims. In its response, OCP stipulated that it is only seeking damages for infringement that occurred after the License Agreement expired. Doc. No. 19 at 1. Moreover, a claim for patent infringement would not arise under the License Agreement. Memorandum Opinion, *Innovative Display Technologies*, at 11–12; Memorandum Opinion and Order, *Video Streaming Solutions LLC v. Microsoft Corp.*, No. 13 C 7031, at 7 (N.D. Ill. May 27, 2014) (Doc. No. 51-1). The forum selection clause applies to "civil actions or other legal or equitable proceedings *directly arising* between the parties or any of their Affiliates under this [License Agreement]." Agreement, ¶ 4.10

---

[1] Microsoft originally argued that dismissal or transfer was appropriate under § 1406 because the Southern District of New York was the only proper forum. Since the Supreme Court's decision in *Atlantic Marine*, Microsoft has withdrawn this argument and only seeks transfer under § 1404(a). Doc. No. 23 at 6 n.7; *Atl. Marine Const. Co., Inc. v. U. S. Dist. Court for W. District of Texas, et al.*, 134 S. Ct. 568, 579 (2013) ("[A] forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3) . . . .''

(emphasis added). Since OCP's patent rights are the product of United States patent law, they do not arise out of the expired License Agreement. Memorandum Opinion, *Innovative Display Technologies*, at 12; Memorandum Opinion, *Video Streaming Solutions*, at 7.

Microsoft briefly addresses the "public and private factors" for the § 1404(a) analysis. Microsoft argues that New York would be clearly more convenient because: (1) New York law governs the contract so New York would be more familiar with the law in the case; (2) Manhattan is a transportation hub making travel for witnesses convenient; (3) the Eastern District of Texas is inconvenient because Microsoft and ARC are not headquartered here; and (4) transfer would allow this case to be handled with Microsoft's case against ARC and the six other ARC subsidiary cases if they are transferred; (5). Doc. No. 9 at 11–12.

Microsoft essentially addresses four of the public and private interest factors: (1) familiarity of the forum; (2) convenience of the witnesses; (3) location of evidence; and (4) judicial economy. Analyzing these factors, the Southern District of New York is not clearly more convenient than the Eastern District of Texas.

The familiarity of the forum with the governing law factor is neutral. Microsoft essentially argues that this lawsuit revolves around the License Agreement. But the current case arises out of alleged patent infringement occurring *after* the expiration of the contract. Both this Court and the Southern District of New York are familiar with federal patent law. Thus, this factor is neutral.

The convenience of the witnesses is also neutral. While Manhattan is certainly a transportation hub, it is no more convenient than this forum. Tyler also has an airport that will allow for flights. Microsoft has not even attempted to show that New York would be more convenient for any specific witnesses. Accordingly, this factor is neutral.

Next, Microsoft argues that the location of the parties' headquarters favors transfer because they are not located in this district. Microsoft's headquarters is in Redmond, Washington and ARC is a Delaware corporation headquartered in Newport Beach, California. New York is not a more convenient forum for either of these locations. Indeed, New York is roughly twice as far from both California and Washington compared to this district. Thus, the location of evidence factor is at least neutral.

Lastly, Microsoft argues that judicial economy will be served by transferring this case to the Southern District of New York. Microsoft relies on its case against ARC that it filed in the Southern District of New York. Additionally, Microsoft contends that this case should be consolidated with the other ARC subsidiary cases once they are transferred. However, the contract dispute has minimal overlap, if any, with the current patent infringement suit that is concerned with conduct occurring after expiration of the agreement. Moreover, Microsoft's motions to transfer have been denied in at least two of the co-pending ARC subsidiary cases. *See* Memorandum Opinion, *Innovative Display Technologies*, at 12; Memorandum Opinion, *Video Streaming Solutions*, at 10. Since there would be minimal judicial benefit in transferring this case to the Southern District of New York, this factor is neutral.

## RECOMMENDATION

The License Agreement between Microsoft and ARC could potentially contain defenses relevant to the current patent suit. Since these defenses depend on construction of the contract, ARC, as a contracting party, is a necessary party to this suit. However, it is not clear that ARC cannot be joined in the current suit. Accordingly, it is recommended that Microsoft's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. Additionally, Microsoft has failed to show

that the Southern District of New York is a clearly more convenient venue. Thus, it is recommended that Microsoft's Motion to Transfer be **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 25th day of August, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE