## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| OPTIMUM CONTENT PROTECTION LLC, | |
| Plaintiff, | Civil Action No. 6:13-cv-00741-KNM |
| v. | Hon. K. Nicole Mitchell |
| MICROSOFT CORPORATION, | |
| Defendant. | |

**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY DUE TO INDEFINITENESS**

I.     **INTRODUCTION**

OCP's opposition offers nothing more than unsupported theories and attorney argument that fails to overcome the evidence presented by Microsoft, and Microsoft is therefore entitled to summary judgment as a matter of law.  OCP is unable to identify anything in the intrinsic record supporting its theory of what the claim term "any applicable" means.  Likewise, OCP cannot point to anything in the intrinsic record explaining how a person of ordinary skill in the art would be able to discern the bounds of the asserted claims with reasonable certainty in view of the mixed apparatus and method limitations.  Finally, OCP offers nothing from the intrinsic record explaining how the claims' use of the permissive term "may" would be understood with reasonable certainty by a person of ordinary skill.  Simply asserting, without support, that a person of ordinary skill in the art "would find no ambiguity" in the claims does not make it so, where the plain language of the claims in undefined.

As demonstrated in Microsoft's opening brief, the asserted claims[1] of U.S. Patent No. 7,502,470 ("the '470 patent") suffer from fatal deficiencies that make them indefinite as a matter of law.  OCP's unsupported theories of what a person of ordinary skill in the art would "readily understand" are insufficient to survive summary judgment.  *See McElmurry v. Arkansas Power & Light Co.*, 995 F.2d 1576, 1578 (Fed. Cir. 1993) ("Mere denials and conclusory statements, however, are not sufficient to establish a genuine issue of material fact.").

II.     **ARGUMENT**

     A.     **OCP Points To Nothing In The '470 Patent Supporting Its Theory Of What "Any Applicable" Means**

OCP's opposition essentially asks the Court to rewrite the claims: instead of giving effect

---

[1] Claims 4, 5, 8, 9, 10, 13, 15, 20, 22 and 28.

to the "any applicable" limitation, OCP would have the Court ignore it and read the claims to require that any unprotected data that is "provided" to the closed subsystem is added to the raw data. But the claim language relating to the "any applicable" limitation does not discuss what is "provided" to the closed subsystem or what the closed subsystem receives. Indeed, the "any applicable" limitation expresses actions to be performed by the closed subsystem, requiring that the closed subsystem add "any applicable" unprotected graphics and audio data to raw data using the combiner circuitry. The patentee could easily have written the limitation to require that all unprotected data that was "provided" to the closed subsystem be combined with the raw data, but that is not how the claims were written, and such language is entirely absent from the claims. OCP's attempt to save the term "any applicable" from indefiniteness by rewriting the claims should be rejected; it is not the Court's function to rewrite claims to salvage their validity. *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002).

Further, arguing that "any applicable" simply means the data "provided" to the closed subsystem does not resolve the indefiniteness of the term; it only begs the question of how to determine which data should be "provided." The '470 patent is as silent regarding which unprotected data is "applicable" as it is regarding which unprotected data is "provided" to the closed subsystem for adding to raw data. Tellingly, while OCP provides examples of how unprotected data may be displayed (e.g., picture-in-picture), it does not explain who or what determines which data is "provided" or how that determination is made. Indeed, OCP acknowledges that the '470 patent specification does not identify any "type" of unprotected graphics and audio data as being particularly relevant to the claims. *See* OCP Opp'n Br. at 7.[2]

---

[2] Plaintiff Optimum Content Protection LLC's Response to Microsoft Corporation's Motion for Summary of Invalidity due to Indefiniteness (Oct. 23, 2014) (ECF No. 95).

2

And it is precisely because the specification does not explain what particular data may be "applicable" that the claims are indefinite.

Moreover, even if it was clear how to determine what data should be "provided" to the closed subsystem, OCP's "provided" theory is completely unsupported. OCP cites no support for its argument that "the closed system only adds unprotected data *if* such data is presented to it," and "if no such data is provided, then there isn't anything applicable to add." *Id.* at 6. To the contrary, the specification and the claims make clear that adding unprotected data is an essential element of the purported invention. For example, the specification states that "[a]n aspect *of the invention* is circuitry for combining the output of the DDR unit with standard (unprotected) graphics and audio output of an open system." '470 patent col. 13, ll. 52–54 (emphasis added). Likewise, all asserted claims require either the method step of "adding" or an apparatus actually configured "to add" any applicable unprotected graphics and audio data.[3] No embodiments are described in which "there isn't anything applicable to add."

In view of the '470 patent's silence, other theories of what "applicable" might mean are just as plausible to a person of ordinary skill in the art as OCP's "provided" theory. For example, while playing a movie on a laptop computer, a user might receive a graphic and/or audio email notification. Or a person playing a videogame might receive an invitation to remotely join another user's game. Are such notifications "applicable" in the context of the claims? Is unprotected data that is relevant to the protected data "applicable"? Are unprotected graphics and audio that are related to applications currently executing "applicable"? Given the

---

[3] As Microsoft stated in its opening brief and OCP seems to agree, *SIPCO, LLC v. Abb, Inc.*, No. 6:11-cv-0048, 2012 WL 3112302, at **10-11 (E.D. Tex. Jul. 30, 2012) supports Microsoft's position that claim 12 requires the closed subsystem to be actually configured to add the unprotected data, not merely capable of being configured to do so.

'470 patent's inadequate disclosure in this regard, it would be equally plausible for a person of ordinary skill in the art to answer any of these questions "yes" or "no". Indeed, as OCP concedes, open systems may contain a wide range of unprotected graphic and audio data at any given time, *see* OCP Opp'n Br. at 5, which means there is a wide range of conceivable sets of "applicable" data. Because many theories are equally probable, and the '470 provides no guidance, the term "any applicable" is indefinite. *See, e.g., Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 723 F.3d 1363, 1369 (Fed. Cir. 2013) (finding term "molecular weight" indefinite where it could be determined based on three different methods and the specification did not specify which); *Storm Prods., Inc. v. Ebonite Int'l, Inc.*, No. 2:07-cv-260, 638 F. Supp. 2d 1307, 1312–1313 (D. Utah 2009), *aff'd without opinion*, 374 F. App'x 983 (Fed. Cir. May 7, 2010) (*nonprecedential*) (finding claims indefinite where the specification failed to provide any guidance to determine the meaning of certain limitations and it was "equally plausible" for persons of skill in the art to ascribe different meanings depending on the context).

### B. The Asserted Claims Go Beyond Including "Structural Elements" In A Method Claim or "Operational Capabilities" In An Apparatus Claim

Contrary to OCP's suggestion, Microsoft does not rely on a "novel theory of invalidity" in its motion for summary judgment. It is well established that simultaneously claiming an apparatus and a method of using the apparatus renders a claim indefinite. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). The Federal Circuit has not limited the relevance of this principle to only certain types of claims. If a claim "is not sufficiently precise to provide competitors with an accurate determination of the metes and bounds of protection involved" because it combines two separate statutory classes of invention, the claim is indefinite. *Id.* (internal quotation marks omitted).

As demonstrated in Microsoft's opening brief, both claims 1 and 12 attempt to claim an

4

apparatus and a method of using the apparatus in a way that "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). OCP's attempt to characterize the problematic limitations as mere "structural elements" or "operational capabilities" does not eliminate the ambiguity created by the simultaneous inclusion of apparatus elements and method steps in each claim.

Claim 1 includes more than "structural elements." Unlike the claim at issue in *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367 (Fed. Cir. 2008), the apparatus clause embedded in method claim 1 includes elements unrelated to the recited method steps, elements that are defined in terms of additional functions. For example, the apparatus must include an open system architecture configured "to allow" end users to add or remove hardware components, but "allowing" end users to add or remove hardware is not necessary to practice the recited method steps. Additionally, the apparatus is defined in terms of uncertain actions that the apparatus may take (i.e., "may add"). It is therefore unclear to what extent "using" an apparatus configured as recited is necessary to infringe claim 1.

Also, claim 12 requires more than "operational capabilities"; it requires three distinct method steps. There is no distinction between the degree of action required by the words recited in claim 12—"not allow," "prevents" and "to assert"—and the invalidating language in *Rembrandt* ("transmitting") and *UltimatePointer* ("is directed"). *See Rembrandt Data Techs. v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011); *UltimatePointer, L.L.C. v. Nintendo Co.*, No. 6:11-cv-496, 2013 WL 2325118, at *22 (E.D. Tex. May 28, 2013). These are all verbs that

require the apparatus to be *used* to practice the recited action.[4] In other words, the three method limitations in claim 12 do not merely describe "properties" of the apparatus; they actually call for use of the apparatus. For this reason, OCP is wrong in arguing that claim 12 lacks the "facial invalidity" that has rendered similar claims indefinite in other cases. The claim is written, on its face, in fatally ambiguous terms.

### C. The Asserted Claims Contradictorily Make The Addition Of Data Permissive

OCP is simply incorrect in arguing that the term "may add" in the asserted claims is not a statement of permission. OCP Opp'n Br. at 14. It is well established that terms such as "may" are permissive and indicate optional elements in claims. *See In re Johnston*, 435 F.3d 1381, 1384 (Fed. Cir. 2006); *see also Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1378 (Fed. Cir. 2003) (Schall, J., *dissenting*) ("'Can' and 'may' are commonly used by patentees to show that a limitation is permissive."). Moreover, while Microsoft agrees with OCP that capability to add unprotected data is required by the claims, the claim language does not make clear that such capability "is not always utilized." *See* OCP Opp'n Br. at 14. To the contrary, the term "may add" creates ambiguity precisely because it makes the combiner circuitry's addition of unprotected data optional, while a separate limitation requires the step of "adding" or an apparatus actually configured "to add" such data *using the combiner circuitry*. This contradiction renders the asserted claims indefinite.

### III. CONCLUSION

OCP has failed to point to anything in the intrinsic record of the '470 patent resolving the ambiguity in the asserted claims. Therefore, as a matter of law, summary judgment that the asserted claims are invalid due to indefiniteness is warranted.

---

[4] The closed subsystem cannot "not allow," "prevent[]" or "assert" unless it is in use.

Dated: October 28, 2014	Respectfully submitted,

                By: */s/ John W. McBride*
                   Richard A. Cederoth
                   rcederoth@sidley.com
                   Ellen S. Robbins
                   erobbins@sidley.com
                   David T. Pritikin
                   dpritikin@sidley.com
                   John W. McBride
                   jwmcbride@sidley.com
                   SIDLEY AUSTIN LLP
                   One South Dearborn
                   Chicago, Illinois 60603
                   Telephone: (312) 853-7000
                   Facsimile: (312) 853-7036

                   Jennifer Parker Ainsworth
                   Texas State Bar No. 00784720
                   jainsworth@wilsonlawfirm.com
                   WILSON, ROBERTSON & CORNELIUS, P.C.
                   909 ESE Loop 323, Suite 400
                   P.O. Box 7339 [75711]
                   Tyler, Texas 75701
                   Telephone: (903) 509-5000
                   Facsimile: (903) 509-5092

                   COUNSEL FOR DEFENDANT
                   MICROSOFT CORPORATION

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on October 28, 2014.

                   */s/ John W. McBride*
                   John W. McBride