IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **OPTIMUM CONTENT PROTECTION LLC** § § § | | |
| Plaintiff, § § | Case No. 6:13-cv-00741-KNM | |
| v. § § | | |
| § | **JURY TRIAL REQUESTED** | |
| **MICROSOFT CORPORATION** § § § | | |
| Defendant. § | | |

**JOINT CHART FOR CLAIM CONSTRUCTION HEARING**

Pursuant to P.R. 4-3 and the Court's First Amended Docket Control Order (Dkt. 58-1), Plaintiff Optimum Content Protection LLC ("OCP") and Defendant Microsoft Corporation ("Microsoft") submit this Joint Chart for the Claim Construction Hearing to be held on November 6, 2014.

**JOINT CHART FOR CLAIM CONSTRUCTION HEARING**

| Term at issue (in order of importance) | OCP's Position / Proposed Construction | Microsoft's Position / Proposed Construction |
|---|---|---|
| "adding/add any applicable unprotected graphics and audio data to the raw data using the combiner circuitry" (claims 1 and 12) | Not indefinite. | Indefinite. |
| "combiner circuitry that may add unprotected graphics and audio data" (claims 1 and 12) | Not indefinite. | Indefinite. |
| Claim 1 generally | Not indefinite – proper method claim. | Indefinite – mixed apparatus/method claim |
| Claim 12 generally | Not indefinite – proper apparatus claim. | Indefinite – mixed apparatus/method claim |
| "preventing/prevents access to the raw data outside of the closed subsystem" (claims 1 and 12) | No construction needed. | Preventing all hardware or software that is not part of the closed subsystem from accessing the raw data |
| "closed subsystem of the apparatus" (claims 1 and 12) | No construction needed. | A subsystem that does not provide users a way to add hardware or software thereto or remove hardware or software therefrom. |
| "combiner circuitry" (claims 1 and 12) | Plain and ordinary meaning; alternatively, circuitry that produces an output through the selection or combination of inputs.[1] | Hardware component of the closed subsystem that receives two or more inputs and produces one output through the selection or combination of inputs. |

---

[1] OCP's original alternative proposal was "circuitry that combines one input with another." *See* Joint Claim Construction & Pre-hearing Statement Exhibit A (Dkt. 69-1). To streamline the issues for the Court, OCP in its Reply Claim Construction Brief (Dkt. 94 at 3) indicated its willingness to modify the latter part of its alternative construction to parallel the corresponding language proposed by Microsoft.

DATED: October 28, 2014

*/s/ John W. McBride (by permission)*
Richard A. Cederoth
rcederoth@sidley.com
John W. McBride
jwmcbride@sidley.com
David T. Pritikin
dpritikin@sidley.com
Ellen S. Robbins
erobbins@sidley.com

**SIDLEY AUSTIN – CHICAGO**
One South Dearborn St
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

Respectfully submitted,

*/s/ George W. Webb III*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
George W. Webb III
Texas Bar No. 24003146
gwebb@azalaw.com

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
& MENSING, P.C.**
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF
OPTIMUM CONTENT PROTECTION LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by mal on this the 28th day of October 2014.

    /s/ *George W. Webb III*